### TROMBLY v. TURNER et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—NOTICE—FACTS PUTTING ON INQUIRY.

> D. conveyed land to T., but the deed was not recorded. T. subsequently mortgaged it to his wife, J. T., who assigned the mortgage to plaintiff, both the mortgage and assignment being recorded prior to 1900. In that year D. deeded the land to J. T. by a deed which was recorded, and subsequently J. T. and T. conveyed the land together with other premises to the state. When the state took title, it examined the records and took affidavits of T. and J. T. to the effect that she was the owner of the land in question. The forest preserve board, which acquired the land in its certificate to the comptroller, referred to the vendors as both T. and J. T., and requested payment out of the purchase price of certain liens which it appeared were debts of T., and directed payment of the residue of the purchase price both to him and his wife. T. had owned the premises in question for several years prior to the first conveyance mentioned. *Held*, that the facts did not show sufficient to put the state on inquiry so as to deprive it of the protection of the recording act as against plaintiff's mortgage.

Appeal from Trial Term, Franklin County.

Action by Lewis C. Trombly, as administrator of the estate of Louisa Wool, deceased, against Benton Turner and others. Appeal by plaintiff from so much of a judgment as adjudged that certain premises were owned by the state, and not by the plaintiff, and that the mortgage described in the complaint was not a lien thereon. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

C. J. Vert, for appellant.

Julius M. Mayer, Atty. Gen., and John H. Burke, for respondent.

COCHRANE, J. This action was instituted to foreclose a mortgage covering real estate in the counties of Franklin, Essex, and St. Lawrence. The usual judgment of foreclosure and sale in respect to the mortgaged premises has been granted, except that the judgment adjudicates that an undivided $25000/67100$ of 4,000 acres of such real estate in said county of Franklin belongs to the people of the state of New York free from the lien of said mortgage, although covered thereby, and exempts such land from the operation of the mortgage. The controversy relates solely to this land in Franklin county.

In 1897, David F. Dobie, being the owner of said land in question, conveyed the same to Benton Turner by a deed which has not been recorded in Franklin county. Benton Turner thereafter in the same year executed the mortgage in question to his wife, Julia H. Turner, who assigned it to the plaintiff's intestate, and both the mortgage and the assignment were duly recorded in Franklin county prior to the year 1900. In 1900, said David F. Dobie executed another deed of the premises in question to said Julia H. Turner which was recorded in Franklin county February 13, 1900. On March 6, 1900, Julia H. Turner, wife of Benton Turner, and said Benton Turner, executed to the people of the state of New York a deed conveying said premises, together with other premises in Franklin and Essex counties, which deed was duly recorded in Franklin county March 15, 1900. Under this last-mentioned deed the respondent claims title to the premises in question as against the plaintiff's mortgage.

It thus appears that the plaintiff's mortgage rests on an unrecorded deed of the mortgagor, while the respondent presents a complete chain of record title. The state paid full value for all the land it received under the Turner deed, and the plaintiff concedes that the state is within the protection of the recording act, unless it had knowledge of facts sufficient to put it on inquiry as to the unrecorded deed of the plaintiff's mortgagor.

In Williamson v. Brown, 15 N. Y. 354, it was said:

"The true doctrine on this subject is that, where a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a bona fide purchaser."

The facts relied on by the appellant are not in my judgment sufficient to put the state "on inquiry as to the existence of Benton Turner's un-

recorded title." When the state took title, it examined the records and properly relied thereon. To make assurance doubly sure it procured on printed blank forms the affidavits of both Benton Turner and his wife, Julia H. Turner, as to the ownership of the premises it was about to purchase. In the affidavit of Benton Turner there is an opening statement that he is the owner in fee simple of the property, referring to the same. An inspection of the affidavit, however, shows convincingly that there was an inadvertence in not changing the printed word "he" in the blank form to "she," meaning thereby his wife. Elsewhere throughout the affidavit this change is made, and, taking the two affidavits together, they would certainly not convey ordinarily the idea that Benton Turner intended to state that he owned the property. The plaintiff urges that, as Benton Turner in fact owned the property, he was telling the truth in the opening statement of the affidavit. The question here is not whether or not he was telling the truth, but whether these two affidavits would naturally convey to the mind of a prospective purchaser the idea that Benton Turner was the actual owner of the property, notwithstanding the record title to the contrary. Having made a search which showed that one of these affiants, Julia H. Turner, had the record title, I see nothing in these affidavits, considering them together and each in its entirety, which would naturally cast doubt on such record title.

The state's deed was executed by Julia H. Turner, wife of Benton Turner, and said Benton Turner. The forest preserve board of the state, which acquired for the latter the land in question together with other land in its certificate to the comptroller reciting the purchase, repeatedly referred to the vendors of said property as being both Benton Turner and Julia H. Turner, and requested payment out of the purchase price of certain liens which it appears were debts of said Benton Turner, and directed payment of the residue of the purchase price both to him and his wife. The plaintiff strenuously urges that these facts show that Benton Turner had an interest in the property, and that the state could not pay the judgment liens against his property without being aware of the fact that he had such interest. This argument would be well nigh unanswerable, if the state had been acquiring only the property in question. But the deed to the state conveyed, not only that property, but a large quantity beside situated both in Franklin and Essex counties, and the certificate of the forest preserve board referred to all of the property, and it does not appear that Benton Turner did not in fact own some of the property in Essex county. If he was the owner of any part thereof, the propriety of his signature to the deed and of the reference to him in the certificate of the forest preserve board as one of the owners and of the payment of his judgment indebtedness is manifest. Moreover, Benton Turner had owned the premises in question for several years prior to 1891, and, unless the judgments were subsequently recovered, the fact that they were liens on such property and were paid out of the purchase price would have no significance. It was incumbent on the plaintiff to show that Benton Turner did not own any of the land conveyed by the deed which he signed, and that these judgments were liens on the particular

property in controversy and had their inception after the time when the records showed that Benton Turner in 1891 owned such property. In the absence of such proof, plaintiff's argument is pointless. None of the facts relied on by plaintiff are inconsistent with the record title of Julia H. Turner to the particular property in controversy. The learned trial justice gave due weight to all these facts, and after consideration deemed them insufficient to put the state on inquiry so as to be deprived of the benefit of the recording act. I am unable to see how any different conclusion could have been reached.

The judgment should be affirmed, with costs. All concur.